UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.    CAUSE NO.: 2:18-CR-99-2-TLS-JEM

KEONTE GREEN

## OPINION AND ORDER

This matter is before the Court on the parties' joint objection to the Presentence Report ("PSR"), as submitted to the Court in the Addendum to the PSR [ECF No. 143]. For the reasons set forth below, the objection is SUSTAINED.

## PROCEDURAL HISTORY

On December 3, 2019, the Defendant pled guilty [ECF No. 110] to Count 1 of the Indictment pursuant to the Plea Agreement [ECF No. 102], which was filed with the Court on November 15, 2019. Count 1 charged the Defendant with participating in a conspiracy to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. On December 20, 2019, the Court adjudged the Defendant guilty to Count 1 of the Indictment. [ECF No. 114].

On February 25, 2020, the Draft PSR [ECF No. 138] was filed. The Final PSR and Addendum to the PSR [ECF Nos. 142 and 143] were then filed on March 20, 2020. The Addendum notes that Green and the Government both object to the enhancement for using a firearm.

## FACTUAL BACKROUND

In the summer of 2017, a confidential informant ("CI") alerted law enforcement to a

a drug trafficking operation ("DTO") selling heroin out of East Chicago. PSR ¶ 9, ECF No. 142. The Defendant was one member of the DTO; he sold heroin, along with several other people. *Id.* ¶¶ 19–20. One member of the conspiracy informed law enforcement that the gun found in Co-Defendant Copeland's possession at the time of his arrest was given to the DTO by Co-Defendant Blackmon and whoever sold drugs on a particular day was responsible for the firearm. *Id.* ¶ 19.

## LEGAL STANDARD

Section 2D1.1 of the Sentencing Guidelines sets forth the method by which sentencing courts are to determine the base offense level for a conviction under 21 U.S.C. §§ 841(a)(1) and 846. U.S. Sentencing Guidelines Manual § 2D1.1 (U.S. Sentencing Comm'n 2018). At issue in the instant case is whether an enhancement should be applied to the Defendant's offense level because a firearm was possessed. *See* PSR ¶ 32.

Facts relevant to sentencing must be proved by a preponderance of the evidence, *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009); however, "any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *United States v. Krieger*, 628 F.3d 857, 863 (7th Cir. 2010) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). "A district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008) (citing *United States v. Schroeder*, 536 F.3d 746, 752 (7th Cir. 2008); *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007)).

## ANALYSIS

As the Government notes in the Addendum, specific offense characteristics such as firearm possession are to be determined broadly, on the basis of "all acts and omissions" of

others that were (1) within the scope of the conspiracy, (2) in furtherance of the conspiracy, and (3) reasonably foreseeable in connection with the criminal activity in question "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual §1B1.3(a)(1)(B) (U.S. Sentencing Comm'n 2018).

While a firearm was involved in the conspiracy, the evidence does not establish that it was reasonably foreseeable to the Defendant, let alone actually known to him, that a firearm was used by his Co-Defendants. The firearm was located during a drug deal that did not involve the Defendant, and no other drug deals place the Defendant and the firearm in the same place. *See* PSR ¶ 15, 17. No other evidence links the Defendant to the firearm.

## CONCLUSION

For the reasons stated above, the Court SUSTAINS the objection and sets the Defendant's offense level at 25.

SO ORDERED on November 9, 2020.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT

3